BILAL A. ESSAYLI
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
MARGARET M. CHEN (Cal. Bar No. 288294)
Assistant United States Attorneys
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-3148
    Email: Margaret.Chen@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SOUTHERN CALIFORNIA EDISON COMPANY; and DOES 1 to 10,<br><br>    Defendants. | No. CV 25- 8356<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, United States of America, hereby alleges as follows:

## PRELIMINARY STATEMENT

1. This action arises out of the "Fairview Fire," a wildfire that ignited on September 5, 2022, and spread onto National Forest Systems lands within the San Bernardino National Forest in Riverside County, California.

2. A sagging power line owned, maintained, and operated by Defendant Southern California Edison Company came into contact with a Frontier Communications messenger cable, creating sparks that ignited vegetation below the lines in Hemet, California.

3. The Fairview Fire burned nearly 14,000 acres of National Forest System lands within the San Bernardino National Forest. Forest Service roads were destroyed or damaged by the fire and/or put at risk from numerous geological hazards, such as rolling/falling rocks, debris slides, debris flows, and hyper-concentrated floods. The Red Mountain Lookout, an active facility used for fire detection in remote parts of the forest, was also destroyed by the fire. The fire's effects have been, and will be, detrimental to habitats and wildlife, including federally threatened and endangered species. The fire also damaged or destroyed irreplaceable cultural and heritage resources.

4. In addition to the damage to the national forest, the Fairview Fire caused catastrophic damage to neighboring communities, burning 44 structures, claiming two lives, and injuring three people, including two firefighters.

5. The United States brings claims against Defendants to recover for suppression costs and rehabilitation of the National Forest System lands, among other damages.

## PARTIES

6. Plaintiff United States owns and manages National Forest System lands in San Bernardino and Riverside Counties, California. The United States Department of Agriculture Forest Service ("Forest Service"), which is an agency and instrumentality of the United States, protects, controls, supervises, and administers this land.

7. Defendant Southern California Edison Company ("SCE") was and is a public utility organized and existing under the laws of the State of California, including but not limited to relevant sections of the Public Utilities Code. SCE is "primarily engaged in the business of supplying and delivering electricity through SCE's electrical infrastructure to an approximately 50,000 square-mile area of southern California."[1]

8. Doe Defendants 1 to 10 are individuals and entities, including parents, subsidiaries, employees, agents, contractors, or sub-contractors of the named defendants, whose identities are currently not known and who are responsible for the damages caused to the United States as alleged herein.

## JURISDICTION AND VENUE

9. This action seeks damages caused by the Fairview Fire and arises under Federal and California law, including Federal and state common law; California Health and Safety Code §§ 13007-13009.1; California Public Resources Code §§ 4292, 4293, 4421, and 4435; California Public Utilities Code §§ 451 and 2106; California Civil Code §§ 1714(a) and 3287; Title 36 of the Code of Federal Regulations §§ 261.5, 261.9, and 261.10; and 31 U.S.C. §§ 3711 and 3717.

10. The jurisdiction of this Court is invoked under 28 U.S.C. § 1345, in that the United States is the plaintiff.

11. Venue lies in this district pursuant to 28 U.S.C. § 1391(b) in that the events giving rise to the United States' claims occurred in the Central District of California, SCE has its principal places of business within the Central District of California and is doing business within, and has sufficient contacts with, the Central District of California.

## GENERAL ALLEGATIONS

**I.    The Fairview Fire**

12. The Fairview Fire ignited on September 5, 2022 in Hemet, California and burned onto the San Bernardino National Forest.

---

[1] Edison International and Southern California Edison, 2024 Annual Report at 119 (last accessed September 3, 2025).

3

13. The Fairview Fire ignited when a sagging power line owned, maintained, and operated by SCE came into contact with a Frontier Communications messenger cable, creating sparks that ignited vegetation below the lines.

## II. Duties of SCE

14. SCE had non-delegable statutory and regulatory duties to properly inspect and maintain the areas through which its power and transmission lines passed to ensure that they were safe and clear from dangerous conditions. Specific non-delegable duties are set forth in California Public Resources Code § 4293 and regulations promulgated thereunder.

15. The power and transmission lines that ignited the Fairview Fire are "device[s] which may kindle a fire" within the meaning of California Public Resources Code § 4435.

16. Pursuant to California Public Resources Code § 4435, the ignition of the Fairview Fire by SCE's power and transmission lines is prima facie evidence of SCE's negligence in the maintenance, operation, or use of the power and transmission lines.

17. SCE operated and maintained the subject power lines that caused the Fairview Fire to spread onto National Forest System lands.

## III. Failure of SCE

18. The Fairview Fire ignited in a high wind area of Riverside County, California during a heat wave.

19. SCE knew about the potential danger posed by high winds and the risks posed by power and transmission lines during high wind events.

20. The Fairview Fire was reported at approximately 3:35 p.m. on September 5, 2022.

21. The Fairview Fire originated from SCE's operation, use, and maintenance of its power and transmission lines and SCE's negligence was a substantial factor in proximately causing the damages sustained by the United States.

22. On September 5, 2022, at approximately 8:20 p.m., SCE filed an Electrical

1  Safety Incident Report with the California Public Utility Commission ("CPUC"). In the
2  report, SCE stated, "Our information reflects circuit activity occurred close in time to the
3  report time of the fire."
4      23.    On June 28, 2024, the CPUC Safety and Enforcement Division, Wildfire
5  Safety and Enforcement Branch issued an Incident Investigation Report concerning the
6  Fairview Fire. CPUC concluded that SCE "violated several requirements of General
7  Order (GO) 95, Rules of Overhead Electric Line Construction, as well as Section 316 of
8  the California Public Utilities Code."
9      24.    SCE failed to properly maintain its power and transmission lines in or
10 around the area where the Fairview Fire ignited.
11     25.    SCE failed to ensure the minimum clearance between its power lines and
12 the Frontier Communications messenger cable in or around the area where the Fairview
13 Fire ignited.
14     26.    Doe Defendants are individuals and entities, including the agents,
15 contractors, sub-contractors, parent companies, partners, or subsidiaries of SCE
16 responsible for maintaining the power and transmission lines and are responsible directly
17 or vicariously for causing the Fairview Fire and the United States' damages.
18     27.    Causing timber, trees, brush, or grass to burn except as authorized by permit
19 is prohibited by law, including 36 C.F.R. § 261.5(c) and California Public Resources
20 Code § 4421. Ignition of the Fairview Fire was not authorized by permit or by the United
21 States. Carelessly or negligently causing a fire that is not a prescribed fire that damages
22 the National Forest System is prohibited by 36 C.F.R. § 261.5. In addition, 36 C.F.R.
23 § 261.9 prohibits damaging any natural feature or other property of the United States.

**IV.  Fire Suppression and Damages**

25     28.    The Forest Service suppressed the Fairview Fire at substantial cost to the
26 United States. In addition, the Fairview Fire caused damage to roads, structures, and
27 other property, as well as damage to natural resources on National Forest System lands.
28     29.    The resource damages to the United States include, but are not limited to

mitigation, rehabilitation and reforestation of burned areas, loss of and damage to timber, trees, vegetation, habitat, wildlife, watershed and earth protection, property, improvement and archeological site damage, scenic and aesthetic values, and views, environmental damages, loss of use and recreation, and soil damage and erosion.

30. Pursuant to California Health and Safety Code §§ 13009 and 13009.1, and 31 U.S.C. § 3717, the United States is entitled to recover its administrative, investigative, accounting and collection costs, as well as interest and late payment charges, in addition to other damages arising from the Fairview Fire.

31. The United States has made a demand on SCE for payment of the costs and damages incurred by the United States to suppress the Fairview Fire and to undertake emergency rehabilitation efforts. SCE has not paid any part of the sum demanded by the United States.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### (Negligence and Negligence Per Se – Against All Defendants)

32. The United States realleges its previous allegations as though fully set forth herein.

33. At all times relevant to this action, SCE breached its duty of care and was negligent in causing the Fairview Fire, including its failure to construct, maintain, and operate its power and transmission lines and equipment in a safe and effective working order to prevent fires and damage to the land and property of adjacent landowners, including the United States.

34. Amongst other acts and omissions, SCE breached its duty to use due care and caution in the design, construction, and maintenance of the SCE power and transmission lines and equipment in the area of the origin of the Fairview Fire.

35. SCE violated its general, statutory, and regulatory duties by failing to properly construct and maintain its power lines and equipment and take reasonable precautions to avoid starting and spreading a fire.

6

36. The United States and its constituent citizens are one of the classes of persons that California Public Resources Code §§ 4292, 4293, and 4294, California Public Utilities Code § 451, including Rules 31.1, 31.2, and 35 promulgated by the CPUC, and California Health and Safety Code § 13001 were intended to protect. SCE's violation of such provisions constitutes negligence per se and was a substantial factor in causing the United States' damages as alleged herein. SCE is liable for such damages, in an amount to be proven at trial.

37. SCE and Does 1-5 had a duty of care to properly inspect and maintain transmission lines and towers in the area of the subject power lines. SCE and Does 1-5 breached its respective duties to inspect and maintain the subject tree that made contact with the power line and caused the ignition of the Fairview Fire.

38. SCE's negligent acts, omissions, and violations of law caused the Fairview Fire to ignite and proximately caused the damages the United States sustained.

39. SCE is responsible for all costs and damages caused by its own negligence, including those under common law and California Civil Code § 1714.

40. SCE's negligence, on its own and through its agents and employees, was the proximate cause of the Fairview Fire.

41. As a result of SCE's negligence, the United States incurred damages in an amount to be established at trial. SCE is liable for such damages.

**SECOND CLAIM FOR RELIEF**

**(Cal. Health & Safety Code §§ 13001, 13007-13009.1,**
**and Cal. Civil Code § 3287 – Against All Defendants)**

42. The United States realleges its previous allegations as though fully set forth herein.

43. On September 5, 2022, SCE negligently and in violation of law, ignited the Fairview Fire, thereby setting fire to or allowing fire to be set to National Forest System lands within the San Bernardino National Forest.

44. The Fairview Fire destroyed property of the United States and caused the

United States to incur fire suppression costs, property and natural resource damages, and other damages, including intangible damages to the environment, to be established at trial.

45. SCE is liable for all damages to the United States resulting from the Fairview Fire, including its fire suppression costs, damages for injury to federal property, natural resource damages, and the United States' administrative, investigative, accounting, and collection costs, under California Health & Safety Code §§ 13001, 13007-13009.1, and California Civil Code § 3287, in an amount to be established at trial.

## THIRD CLAIM FOR RELIEF

### (Cal. Public Resources Code § 4435 – Against SCE)

The United States realleges its previous allegations as though fully set forth herein.

46. Pursuant to California Public Resources Code § 4435, the origination of the Fairview Fire from SCE's operation and use of the power and transmission lines and equipment in the San Bernardino National Forest is prima facie evidence of SCE's negligence in the maintenance, operation, or use of its transmission lines and equipment. SCE's negligence was a substantial factor in proximately causing the damages the United States sustained as a result of the Fairview Fire.

47. As a result of SCE's negligence, the United States incurred damages in an amount to be established at trial. SCE is liable for such damages.

## FOURTH CLAIM FOR RELIEF

### (Trespass by Fire – Against All Defendants)

48. The United States realleges its previous allegations as though fully set forth herein.

49. On September 5, 2022, SCE negligently and/or in violation of law, ignited the Fairview Fire, which spread onto the San Bernardino National Forest, thereby setting fire to or allowing a fire to be set to National Forest System lands.

50. The Fairview Fire damaged and destroyed property of the United States,

including causing damage to approximately 14,000 acres of National Forest System lands within the San Bernardino National Forest in Riverside County.

51. As a result of the Fairview Fire's trespass upon the National Forest System lands, the United States has incurred damages in an amount to be established at trial, including fire suppression costs, property damage, resource damages and any and all other recoverable costs and damages arising from the Fairview Fire, including the costs of rehabilitation, restoration and reforestation of the burned areas, loss of trees, timber, vegetation, and habitat, damage to archeological sites, damage to the soil and other matters, loss of use, scenic views, aesthetic values, and other environmental damages. Defendants are also liable to the United States for wrongful injury to its timber, trees, and underwood pursuant to California Civil Code § 3346. SCE is liable for such damages.

## FIFTH CLAIM FOR RELIEF

### (Interest and Penalties – Against All Defendants)

52. The United States realleges its previous allegations as though fully set forth herein.

53. Pursuant to California Health and Safety Code §§ 13009 and 13009.1, and 31 U.S.C. § 3717, the United States is entitled to recover its administrative, investigative, accounting and collection costs, as well as interest and late payment charges, in addition to other damages arising from the Fairview Fire.

54. The United States has demanded that SCE pay the costs and damages incurred by the United States due to the Fairview Fire. Defendants have not paid any part of the sum the United States demanded.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays:

1. For damages in an amount to be determined at trial against Defendants for fire suppression costs, property damage, resource damages and any and all other recoverable costs and damages arising from the Fairview Fire, including the costs of

rehabilitation, restoration and reforestation of the burned areas, loss of trees, timber, vegetation, and habitat, damage to archeological sites, damage to the soil and other matters, loss of use, scenic views, aesthetic values, other environmental damages, investigation costs, and administration costs;

    2.    For double or triple damages for wrongful injury to the United States' timber, trees, and underwood pursuant to California Civil Code § 3346;

    3.    For interest and penalties allowable under the law;

    4.    For costs of this action; and

    5.    For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff United States of America hereby demands a jury trial in this case.

Dated: September 4, 2025

Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

   /s/ Margaret M. Chen
MARGARET M. CHEN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA