**HUESTON HENNIGAN LLP**
Douglas J. Dixon, State Bar No. 275389
ddixon@hueston.com
Padraic Foran, State Bar No. 268278
pforan@hueston.com
Lauren McGrory Johnson, State Bar No. 301542
ljohnson@hueston.com
620 Newport Center Dr # 1300
Newport Beach, CA 92660
Telephone:  (213) 788-4340
Facsimile:   (888) 866-4825

**SOUTHERN CALIFORNIA EDISON COMPANY**
Belynda B. Reck, State Bar No. 163561
Belynda.reck@sce.com
Patricia A. Cirucci, State Bar No. 210574
Patricia.cirucci@sce.com
Brian Cardoza, State Bar No. 137415
Brian.cardoza@sce.com
2244 Walnut Grove Avenue
Rosemead, CA 91770
Telephone:  (626) 302-6628

Attorneys for Defendant
Southern California Edison Company

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>SOUTHERN CALIFORNIA EDISON COMPANY and DOES 1-10,<br><br>Defendants. | Case No. 2:25-cv-08356-WLH (MBKx)<br><br>DEFENDANT SOUTHERN CALIFORNIA EDISON COMPANY'S ANSWER TO COMPLAINT OF PLAINTIFF UNITED STATES OF AMERICA |

Defendant Southern California Edison Company ("SCE" or "Defendant"), by and through its undersigned counsel, and on behalf of no other party, hereby respectfully submits this Answer to the Complaint submitted by Plaintiff United States of America.

## I.    ANSWER

### GENERAL RESPONSES

Except as expressly admitted herein, SCE denies any and all material allegations in the Complaint. SCE generally and specifically denies each and every, all and singular, conjunctively and disjunctively, allegation contained in said Complaint, and each and every part thereof, and each and every cause of action thereof, and further specifically denies that Plaintiff has been injured or damaged in the sum alleged, or in any other sum, or at all, by reason of any carelessness, negligence, act, or omission of SCE.

With the exception of the Affirmative Defenses, the numbered paragraphs of this Answer correspond to the paragraphs as numbered in the Complaint. To the extent paragraphs in the Complaint are grouped under headings, SCE responds generally that such headings and groupings are conclusions of law or fact and denies each and every such allegation made or implied by such headings or groupings.

### SPECIFIC RESPONSES

1.    SCE admits the allegations of Paragraph 1.

2.    SCE denies the allegations of Paragraph 2.

3.    SCE lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 3 and on that basis denies them.

4.    SCE lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 4 and on that basis denies them.

5.    SCE lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 5 and on that basis denies them.

6.    SCE lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 6 and on that basis denies them.

7.    SCE admits the allegations of Paragraph 7.

8.    SCE lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 8 and on that basis denies them.

9.    Paragraph 9 consists of conclusions of law to which no response is necessary or appropriate. To the extent a response is required, SCE lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 9 and on that basis denies them.

10.    Paragraph 10 consists of conclusions of law to which no response is necessary or appropriate.

11.    SCE admits that its principal place of business is within the Central District of California. The remainder of Paragraph 11 consists of conclusions of law to which no response is necessary or appropriate.

12.    SCE admits the allegations of Paragraph 12.

13.    SCE denies the allegations of Paragraph 13.

14.    Paragraph 14 consists of conclusions of law to which no response is necessary or appropriate. To the extent a response is required, SCE lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 14 and on that basis denies them.

15.    Paragraph 15 consists of conclusions of law to which no response is necessary or appropriate. To the extent a response is required, SCE lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 15 and on that basis denies them.

16.    Paragraph 16 consists of conclusions of law to which no response is necessary or appropriate. To the extent a response is required, SCE lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 16 and on that basis denies them.

17.    SCE admits that it owns, operates, and maintains power lines and equipment in Riverside County, California. SCE denies the remaining allegations of

DEFENDANT SCE'S ANSWER TO COMPLAINT OF PLAINTIFF UNITED STATES OF AMERICA

Paragraph 17, especially insofar as Paragraph 17 alleges that SCE's power lines and equipment caused the Fairview Fire.

18.    SCE admits the allegations of Paragraph 18.

19.    SCE admits the allegations of Paragraph 19.

20.    SCE admits the allegations of Paragraph 20.

21.    Paragraph 21 consists of conclusions of law to which no response is necessary or appropriate. To the extent a response is required, SCE denies the allegations of Paragraph 21.

22.    SCE admits the allegations of Paragraph 22.

23.    SCE admits that the CPUC's Safety and Enforcement Division issued an Incident Investigation Report on June 28, 2024, and provided their conclusion. SCE otherwise lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 23 and on that basis denies them.

24.    SCE denies the allegations of Paragraph 24.

25.    SCE denies the allegations of Paragraph 25.

26.    Paragraph 26 consists of conclusions of law to which no response is necessary or appropriate. To the extent a response is required, SCE lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 26 and on that basis denies them.

27.    SCE lacks knowledge or information sufficient to form a belief about the allegations in the second sentence of Paragraph 27 and on that basis denies them. The remaining allegations of Paragraph 27 are conclusions of law to which no response is necessary or appropriate. To the extent a response is required, SCE denies the remaining allegations of Paragraph 27.

28.    SCE lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 28 and on that basis denies them.

29.    SCE lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 29 and on that basis denies them.

30.    Paragraph 30 consists of conclusions of law to which no response is necessary or appropriate.

31.    SCE admits the allegations of Paragraph 31.

32.    SCE incorporates herein by reference and reasserts each response contained in Paragraphs 1 through 31 above.

33.    Paragraph 33 consists of conclusions of law to which no response is needed or appropriate. To the extent a response is required, SCE denies the allegations of Paragraph 33.

34.    Paragraph 34 consists of conclusions of law to which no response is needed or appropriate. To the extent a response is required, SCE denies the allegations of Paragraph 34.

35.    Paragraph 35 consists of conclusions of law to which no response is needed or appropriate. To the extent a response is required, SCE denies the allegations of Paragraph 35.

36.    Paragraph 36 consists of conclusions of law to which no response is necessary or appropriate. To the extent a response is required, SCE denies the allegations of Paragraph 36.

37.    Paragraph 37 consists of conclusions of law to which no response is necessary or appropriate. To the extent a response is required, SCE denies the allegations of Paragraph 37.

38.    Paragraph 38 consists of conclusions of law to which no response is necessary or appropriate. To the extent a response is required, SCE denies the allegations of Paragraph 38.

39.    Paragraph 39 consists of conclusions of law to which no response is necessary or appropriate. To the extent a response is required, SCE denies the allegations of Paragraph 39.

40.    Paragraph 40 consists of conclusions of law to which no response is necessary or appropriate. To the extent a response is required, SCE denies the

allegations of Paragraph 40.

41.    Paragraph 41 consists of conclusions of law to which no response is necessary or appropriate. To the extent a response is required, SCE denies the allegations of Paragraph 41.

42.    SCE incorporates herein by reference and reasserts each response contained in Paragraphs 1 through 41 above.

43.    Paragraph 43 consists of conclusions of law to which no response is necessary or appropriate. To the extent a response is required, SCE denies the allegations of Paragraph 43.

44.    SCE lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 44 and on that basis denies them.

45.    Paragraph 45 consists of conclusions of law to which no response is necessary or appropriate. To the extent a response is required, SCE denies the allegations of Paragraph 45.

46.    Paragraph 46 consists of conclusions of law to which no response is necessary or appropriate. To the extent a response is required, SCE denies the allegations of Paragraph 46.

47.    Paragraph 47 consists of conclusions of law to which no response is necessary or appropriate. To the extent a response is required, SCE denies the allegations of Paragraph 47.

48.    SCE incorporates herein by reference and reasserts each and every response contained in paragraphs 1 through 47 above.

49.    Paragraph 49 consists of conclusions of law to which no response is necessary or appropriate. To the extent a response is required, SCE denies the allegations of Paragraph 49.

50.    SCE lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 50 and on that basis denies them.

51.    Paragraph 51 consists of conclusions of law to which no response is

DEFENDANT SCE'S ANSWER TO COMPLAINT OF PLAINTIFF UNITED STATES OF AMERICA

necessary or appropriate. To the extent a response is required, SCE denies the allegations of Paragraph 51.

52.     SCE incorporates herein by reference and reasserts each and every response contained in Paragraphs 1 through 51 above.

53.     Paragraph 53 consists of conclusions of law to which no response is necessary or appropriate. To the extent a response is required and that Paragraph 53 implies that Plaintiff is entitled to recover the costs, damages, interest, and charges set forth in Paragraph 53 *from SCE*, SCE denies the allegations of Paragraph 53.

54.     SCE admits the allegations of Paragraph 54.

## II.    AFFIRMATIVE DEFENSES

55.      SCE expressly incorporates all allegations of its Answer as if fully set forth in each of the following Affirmative Defenses.

56.      Without admitting any wrongful conduct on the part of SCE, and without admitting that Plaintiff has suffered any loss, damage, or injury, SCE alleges the following Affirmative Defenses to the Complaint. By designating the following as Affirmative Defenses, SCE does not in any way waive or limit any defenses which are or may be raised by the denial, allegations, and averments set forth herein.  Certain Affirmative Defenses are asserted for completeness and refer to facts and proof which also negate required elements of Plaintiff's claims, and by raising such Defenses SCE does not admit that Plaintiff does not have the burden of proof and/or the burden of persuasion for any or all facts underlying any of those Defenses or suggest that Plaintiff is not required to carry the burden as to such elements.

57.     These Defenses are pled in the alternative, are raised to preserve the rights of SCE to assert such Defenses, and are without prejudice to SCE's ability to raise other and further Defenses.

58.     Investigations into the events alleged in the Complaint are currently being undertaken by the parties as well as third parties. In addition to the Affirmative Defenses set forth below, SCE reserves the right to allege additional Defenses as they

become known, or as they evolve during the litigation, and to amend this Answer accordingly.

## FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

59.    As a first and separate affirmative defense to each and every cause of action stated in Plaintiff's Complaint, SCE alleges that Plaintiff's pleading fails to state facts sufficient to constitute a cause of action for which relief can be granted against SCE.

## SECOND AFFIRMATIVE DEFENSE
### (PARTICULARITY/INDEFINITENESS)

60.    As a second and separate affirmative defense to each and every cause of action stated in Plaintiff's Complaint, SCE alleges that Plaintiff's pleading fails to set forth facts with reasonable precision and specific particularity and therefore fails due to uncertainty.

## THIRD AFFIRMATIVE DEFENSE
### (FAILURE TO MITIGATE DAMAGES)

61.    As a third and separate affirmative defense to each and every cause of action stated in Plaintiff's Complaint, SCE alleges that Plaintiff is barred from recovering damages, in whole or in part, for the harm alleged therein by reason of its failure to mitigate such alleged damages by whatever means were reasonably possible. Plaintiff and Plaintiff's agents failed to take reasonable steps to mitigate, delayed in taking such steps, or took steps to compound the alleged damages. Had Plaintiff or Plaintiff's agents timely and diligently taken reasonable steps to mitigate the alleged loss, damage, or injury, such loss, damage, or injury would have been reduced or avoided altogether.

//

//

//

DEFENDANT SCE'S ANSWER TO COMPLAINT OF PLAINTIFF UNITED STATES OF AMERICA

## FOURTH AFFIRMATIVE DEFENSE

### (NO DUTY—ACT OF GOD)

62.    As a fourth and separate affirmative defense to each and every cause of action stated in Plaintiff's Complaint, SCE alleges that Plaintiff's damages, if any, were caused by an uncontrollable force/Act of God, which SCE did not control, could not predict, and from which it did not have a duty to protect the Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

### (NO BREACH OF DUTY)

63.    As a fifth and separate affirmative defense to each and every cause of action stated in Plaintiff's Complaint, SCE alleges that Plaintiff's damages, if any, were the result of an unavoidable accident insofar as SCE is concerned, were unintentional, and occurred without any negligence, want of care, default, or other breach of duty on the part of SCE.

## SIXTH AFFIRMATIVE DEFENSE

### (REASONABLE CONDUCT)

64.    As a sixth and separate affirmative defense to each and every cause of action stated in Plaintiff's Complaint, SCE alleges that it complied with the law and acted reasonably with the intent to obey the law, and that such compliance demonstrates that due care and reasonable prudence were exercised.  The claims in the Complaint are barred, in whole or in part, because matters alleged and complained about in the Complaint were consistent with available technology, were in compliance with applicable regulations, and alternative product or facility design was not feasible or practical.  Causation has not yet been determined so SCE pleads a general response now to avoid delay in the litigation.

## SEVENTH AFFIRMATIVE DEFENSE

### (INTERVENING AND SUPERSEDING ACTS)

65.    As a seventh and separate affirmative defense to each and every cause of action stated in Plaintiff's Complaint, SCE alleges that the losses and damages

allegedly sustained by Plaintiff, if any, were proximately caused by intervening and superseding acts of others, which intervening and superseding acts bar and/or diminish Plaintiff's recovery, if any, against SCE.

### EIGHTH AFFIRMATIVE DEFENSE

### (NO PROXIMATE CAUSE)

66.     As an eighth and separate affirmative defense to each and every cause of action stated in Plaintiff's Complaint, SCE alleges that Plaintiff's damages, if any, were proximately caused by the negligent, reckless, or intentional acts of third parties as to whom SCE had neither the right, the duty, nor the opportunity to exercise control over, and who acted without the knowledge, participation, approval, or ratification of SCE. Therefore, any damage awards to Plaintiff, if any, shall be diminished in proportion to the amount attributed to said third parties.

### NINTH AFFIRMATIVE DEFENSE

### (COMPARATIVE NEGLIGENCE)

67.     As a ninth and separate affirmative defense to each and every cause of action stated in Plaintiff's Complaint, SCE alleges that Plaintiff and its agents acted negligently, recklessly, or intentionally in and about the matters alleged in the Complaint; and to the extent Plaintiff seeks recovery for the alleged negligent, reckless, and/or intentional acts and/or omissions of SCE, recovery should be offset to the extent of Plaintiff's and its agents' own negligent, reckless, and/or intentional actions and/or omissions.

### TENTH AFFIRMATIVE DEFENSE

### (CONTROL OF AGENCY OR INSTRUMENTALITY)

68.     As a tenth and separate affirmative defense to each and every cause of action stated in Plaintiff's Complaint, SCE alleges that the agency or instrumentality causing the incident was not within SCE's exclusive management or control.

//

//

DEFENDANT SCE'S ANSWER TO COMPLAINT OF PLAINTIFF UNITED STATES OF AMERICA

## ELEVENTH AFFIRMATIVE DEFENSE

## (AUTHORIZATION OF CALIFORNIA & ITS PUBLIC UTILITIES COMMISSION)

69.     As an eleventh and separate affirmative defense to each and every cause of action stated in Plaintiff's Complaint, SCE alleges that the actions and conditions complained of by Plaintiff are expressly authorized by the State of California and/or the California Public Utilities Commission.

## TWELFTH AFFIRMATIVE DEFENSE

## (AUTHORIZATION OF LOCAL & STATE AUTHORITIES)

70.     As a twelfth and separate affirmative defense to each and every cause of action stated in Plaintiff's Complaint, SCE alleges that the use of properties, equipment, and/or other activities by SCE was at all times lawful and authorized by agreement, license, easement, the County and City of Los Angeles, the County and City of Ventura, the County and City of Riverside, the State of California, and/or the California Public Utilities Commission, including the aforementioned authorities' agencies, and pursuant to law.

## THIRTEENTH AFFIRMATIVE DEFENSE

## (DOUBLE RECOVERY)

71.     As a thirteenth and separate affirmative defense to each and every cause of action stated in Plaintiff's Complaint, SCE alleges that Plaintiff is not entitled to double recovery on claims of damages or losses.

## FOURTEENTH AFFIRMATIVE DEFENSE

## (CONFORMANCE WITH INDUSTRY STANDARDS)

72.     As a fourteenth and separate affirmative defense to each and every cause of action stated in Plaintiff's Complaint, at all relevant times, SCE alleges that it acted in conformity with industry standards based upon the state of knowledge existing at the time alleged in the Complaint and therefore, Plaintiff is barred from any recovery in this action.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (LACHES)

73.     As a fifteenth and separate affirmative defense to each and every cause of action stated in Plaintiff's Complaint, SCE alleges that Plaintiff's Complaint is barred from recovery based on laches.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (RECOVERY LIMITED TO REASONABLE DAMAGES)

74.     As a sixteenth and separate affirmative defense to each and every cause of action stated in Plaintiff's Complaint, SCE alleges that if responsible for Plaintiffs injuries, damages, and expenses, SCE is only obligated to the extent that such injuries, damages, and expenses are reasonable and lawfully occurred. SCE denies that the injuries, damages, and expenses for which Plaintiff seeks reimbursement are either reasonable or lawfully occurred.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (STATUTE OF LIMITATIONS)

75.     As a seventeenth and separate affirmative defense to each and every cause of action stated in Plaintiff's Complaint, SCE alleges that the action is barred by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure §§ 335.1, 339, and 28 U.S.C. §§ 2415-16.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (NO VIOLATION OF STATUTE, ORDINANCE, OR REGULATION)

76.     As an eighteenth and separate affirmative defense to each and every cause of action stated in Plaintiff's Complaint, SCE alleges that in relation to the subject fire, it neither acted nor failed to act in a manner that violated any statute, ordinance, or regulation that was a legal (proximate) cause of the subject fire, including those related to the assessment, management, and maintenance of vegetation.

//

//

## NINETEENTH AFFIRMATIVE DEFENSE

### (NO DOUBLE OR TREBLE DAMAGES)

77.    As a nineteenth and separate affirmative defense, SCE alleges that Plaintiff is not entitled to treble or double damages per California Civil Code § 3346, especially because SCE's conduct or trespass was not causal, involuntary, willful, or malicious; that SCE did not negligently, intentionally, or willfully and maliciously trespass on Plaintiff's property or damage Plaintiff's property; and that due to the penal nature of the requested damages, Plaintiff is not entitled to either double or treble damages if Plaintiff is awarded punitive damages.

## TWENTIETH AFFIRMATIVE DEFENSE

### (NO JOINT LIABILITY)

78.    As a twentieth and separate affirmative defense to each and every cause of action stated in Plaintiff's Complaint, pursuant to California Civil Code § 1431.2, the liability of each of the persons, entities, and/or parties are several and not joint with respect to non-economic damages, and each party is liable only for the amount of non-economic damages alleged to that party in direct proportion of that party's percentage of fault. Non-economic damage has been defined as  subjective, non-monetary losses including,  but not limited to, pain, suffering, inconvenience, mental  suffering, emotional distress, loss of society, companionship and consortium, injury to reputation and humiliation." Therefore, if liability is found as to SCE, then Plaintiff is not entitled to recover from SCE any non-economic damages that are allocable to others.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (NO INTEREST OR FEES)

79.    As a twenty-first and separate affirmative defense to each and every cause of action stated in Plaintiff's Complaint, SCE alleges that the Complaint fails to state a cause of action for which pre-judgment interest, expert fees, or attorneys' fees may be awarded.

//

DEFENDANT SCE'S ANSWER TO COMPLAINT OF PLAINTIFF UNITED STATES OF AMERICA

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (NO PUNITIVE DAMAGES—UNCONSTITUTIONALITY)

80.    As a twenty-second and separate affirmative defense to each and every cause of action stated in Plaintiff's Complaint, SCE alleges that the claims in the Complaint for punitive damages (if any) are barred, in whole or in part, because they violate state and federal constitutional rights, including but not limited to due process, equal protection, and ex post facto provisions; the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments; and the right not to be subjected to excessive awards and multiple punishments; and that any claim for punitive damages is limited by state and federal law, including but not limited to the U.S. Supreme Court's decision in *State Farm Mutual Automobile Insurance Company v. Campbell,* 538 U.S. 408 (2003).

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (NO PUNITIVE DAMAGES—INSUFFICENT FACTS)

81.    As a twenty-third and separate affirmative defense to each and every cause of action stated in Plaintiff's Complaint, SCE alleges that the allegations in the Complaint fail to state facts sufficient to support an award of exemplary or punitive damages or other statutory fines or penalties against SCE.  No alleged act or omission of SCE was oppressive, fraudulent, or malicious under California Civil Code § 3294(a), and therefore, any award of punitive damages is barred. Any claim for punitive damages also is barred under California Civil Code § 3294(b).  No alleged act or omission of SCE was willful under California Public Utilities Code § 2106, and therefore, any award of punitive damages is barred.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (NO SUBJECT MATTER JURISDICTION—CPUC EXCLUSIVE JURSDICTION)

82.    As a twenty-fourth and separate affirmative defense to each and every cause of action stated in Plaintiff's Complaint, SCE alleges that the Court lacks subject matter jurisdiction over Plaintiff's allegations relating to SCE's policies and decisions

that are guided and governed by orders or decisions of the California Public Utilities Commission, or otherwise implicate the Commission's performance of its official duties, because the Commission is vested with exclusive jurisdiction over the appropriateness of SCE's policies and decisions. Cal. Pub. Uti1. Code § 1759.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (RESERVATION OF RIGHT TO ASSERT ADDITIONAL DEFENSES)

83.     As a twenty-fifth and separate affirmative defense to each and every cause of action stated in Plaintiff's Complaint, SCE alleges that it presently has insufficient knowledge or information on which to form a belief as to whether SCE may have additional, as yet unstated, defenses available.  Accordingly, SCE reserves the right to assert such additional defenses that are proper as discovery, investigation, or analysis indicates.

## III.    PRAYER FOR JUDGMENT

WHEREFORE, SCE prays for judgment as follows:

1.    That Plaintiff takes nothing by reason of its Complaint herein;

2.    That judgment be entered in favor of Defendant herein;

3.    That Defendant be awarded its costs of suit incurred herein; and

4.    That Defendant be awarded such other and further relief as the Court may deem just and equitable.

Dated: November 24, 2025          HUESTON HENNIGAN LLP


By:  /s/Padraic Foran
Padraic Foran
Attorneys for Defendant
Southern California Edison
Company

SOUTHERN CALIFORNIA EDISON
COMPANY AND EDISON
INTERNATIONAL
Belynda B. Reck
Patricia A. Cirucci
Brian Cardoza

# PROOF OF SERVICE

The undersigned certifies and declares as follows:

I am a resident of the State of California and over 18 years of age and am not a party to this action. My business address is 620 Newport Center Drive, Suite 1300, Newport Beach, CA 92660.

On November 24, 2025, a copy of the following document(s) described as:

**DEFENDANT SOUTHERN CALIFORNIA EDISON COMPANY'S ANSWER TO COMPLAINT OF PLAINTIFF UNITED STATES OF AMERICA**

was served on:

DAVID M. HARRIS                            Attorneys for Plaintiff
Assistant United States Attorney           UNITED STATES OF
Chief, Civil Division                      AMERICA
Email: David.harris@usdoj.gov

Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-0805

☑        **By Email  Service.** I caused the above document(s) to be served to the parties listed above at the email address(es) set forth above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 24, 2025, at Newport Beach, California.

/s/ Tina Gonzalez
Tina Gonzalez